

ORDERED in the Southern District of Florida on October 17, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

BARRY B. ESKANOS and                    Case No. 11-40292-BKC-AJC
AMI B. ESKANOS,
                                         Chapter 13
        Debtors.
_____/

MEMORANDUM OPINION AND ORDER
GRANTING UNITED STATES' MOTION TO DISMISS

THIS CAUSE came before the Court upon the United States' Motion to Dismiss Chapter 13 Case Due to Debtors' Failure to Meet Eligibility Requirements of 11 U.S.C. § 109(e) (DE 61). The Court having considered the United States' motion, and the authority cited in its Motion to Advance Hearing On Its Motion to Dismiss (DE 161), the debtors' opposition thereto (DE 112), as well as debtors' post-hearing submissions, the motion to dismiss is granted as follows.

I.      Background

On October 31, 2011, the debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The United States filed a proof of claim on behalf of the Internal Revenue Service for the debtors' tax liabilities (Claim 14). Proof of Claim 14-3 reflects, *inter alia,* a general unsecured claim of $602,535.91, representing unpaid income tax, penalties, and interest owed by the debtors for the 1996 tax year.[1] The debtors contest that tax debt in its entirety and have filed an objection to the IRS claim. *See* Individual Debtors Objection to Proof of Claim Filed by Internal Revenue Service (DE 111, Mar. 30, 2012).

On February 7, 2012, the United States moved to dismiss the debtors' Chapter 13 petition because it exceeds the $360,475 unsecured debt limit for a Chapter 13 case under Section 109(e). 11 U.S.C. § 109(e). The United States argues that the debtors' objection to the 1996 income tax claim does not negate the fact that their assessed income tax debt is a "certain" and "liquidated debt" under Section 109(e). So viewed, the debtors' unsecured general debt exceeds the limits of a Chapter 13 petition, and the case must be dismissed.

The debtors do not dispute that the unsecured general claims on the IRS Proof of Claim exceed the debt limit, but they contend that the Court should consider the merits of their arguments [that the 1996 taxes (for which a return was belatedly filed in 2004) were improperly assessed in 2006 after examination by the IRS in 2005] before ruling on the motion to dismiss. The debtors argue that they do not owe the taxes assessed against them because the IRS should allow debtors to deduct three categories of claimed 1996 business expenses, which reduces their

---

[1] The United States also asserts a secured claim of $16,421 for that year, pursuant to Section 506(a) of the Bankruptcy Code, and an unsecured priority claim of $1,566.17 representing unpaid income tax and interest the 2008 and 2009 tax years.

[2] With statutory accruals, the amount the debtors owe for 1996 is well-above the Chapter 13 debt limit. However, the total Tax Due reflected on the Proof of Claim is less than the originally assessed amount due to credits to the debtors' account in years since the assessment date.

[3] The Court also notes that, as the parties were advised at the September 27 hearing on the United States' motion to advance the hearing date on its motion to dismiss, the debtors' argument that the IRS's failure to mail them a copy of the proof of claim contemporaneously with the timely filing of the proof of claim with this Court, does not serve

- 2 -

income tax liability. However, upon consideration of the case law, and contrary to the debtors' argument, the issue of whether these expenses constitute allowable deductions that may lessen debtors' tax liability does not affect this Court's determination of the debt limits imposed by Section 109(e).

II.     Discussion

The debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The debt limits imposed by 11 U.S.C. § 109(e) apply to them. Section 109(e) provides in pertinent part that: "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 . . . may be a debtor under chapter 13 of this title." The United States asserts that the assessed tax debt is such a liquidated debt. The debtors assert that their challenges to the tax debt should be determined on the merits, based on the evidence, before deciding their tax liability and, ultimately, the eligibility issue under Section 109.

The debtors repeatedly reference evidence they would present to show that their 1996 taxes were incorrectly assessed in 2006. They also assert that a submitted, and apparently disallowed, innocent spouse petition submitted shortly before the petition was filed in 2011 negates the liquidated 2006 tax liability. The Court has considered the debtors' arguments but must reject same. According to case law, the Court does not believe that the IRS' alleged failure to allow the debtors to deduct business expenses purportedly incurred in 1996 changes the noncontingent, liquidated nature of the IRS' claim for purposes of determining the debt limits under Section 109.

The issue is not the strength of the debtors' evidence of their 1996 claimed expenses, but whether the taxes, as assessed, must be considered in calculating the $360,475 debt ceiling. The

9064977.1

Court believes the tax assessments must indeed be included as a liquidated debt. The debtors' arguments as to the relative strength of their evidence do not alter the law of the Eleventh Circuit. The debtors' tax debt is a "liquidated debt" under Section 109(e) "which has been made certain as to amount by . . . operation of the law." *United States v. Verdunn,* 89 F.3d 799, 802 (11th Cir.1996) (tax debt was liquidated for purposes of § 109(e) because the amounts due the Internal Revenue Service were "easily ascertainable").

The assessed federal income tax debt is not a "contingent liability." It is undisputed that on June 29, 2005, the IRS issued the debtors a Notice of Deficiency for 1996 pursuant to 26 U.S.C. § 6212(a). The debtors did not file a petition in Tax Court to challenge the deficiency, and thus, $161,006 in income tax deficiency was assessed against the debtors on March 6, 2006.[2] The fact that the debtors now wish to contest the amount the IRS determined they owe for 1996 does not transform their tax debt into a "contingency" excluded from the requirements of Section 109(e). *See In re Mazzeo,* 131 F.3d 295, 303 (2d Cir. 1997); *Hounsom v. United States,* 325 B.R. 319, 323-24 (Bankr. M.D. Fla. 2005) ("A debt which is 'readily calculable' or 'readily determinable' is a liquidated debt regardless of whether the debtor disputes the obligation"). The debtors' challenge to the tax assessment does not change the nature of a federal income tax assessment from a liquidated to a non-liquidated debt. *In re Lettersee,* 397 B.R. 507, 513-14 (S.D. Fla. 2008) citing *Verdunn,* 89 F.3d at 802 (challenges to liquidated debts, "nonetheless count toward the statutory maximum.").

The Chapter 11 cases cited by the debtors urging a hearing on the merits, rather than dismissing the case under Section 109(e), are neither applicable nor persuasive here. *In re Huckabee Auto Co.,* 43 B.R. 306 (Bankr. M.D. Ga. 1984); *rev'd,* 46 B.R. 741 (M.D. Ga. 1985)

---

[2] With statutory accruals, the amount the debtors owe for 1996 is well-above the Chapter 13 debt limit. However, the total Tax Due reflected on the Proof of Claim is less than the originally assessed amount due to credits to the debtors' account in years since the assessment date.

was a Chapter 11 reorganization where the debt ceiling was not at issue. The district court in that case found that the bankruptcy court lacked jurisdiction to enjoin the IRS from enforcing a tax penalty against non-debtors. Nor was the debt ceiling at issue in *In re Brickell Inv. Corp.,* 96 B.R. 400 (Bankr. S.D. Fla. 1989), *rev'd & vacated,* Case No. 89-0715-CIV-SCOTT, 89-1051-CIV-SCOTT, 1989 WL 180598 (S.D. Fla. Aug. 22, 1989), *rev'd,* 922 F.2d 696 (11th Cir. 1991). In *Brickell Inv. Corp.*, the issue before the court was the bankruptcy court's jurisdiction to award attorneys fees incurred to challenge the IRS's pre-petition seizure of assets and subsequent proof of claim. In contrast to these cases, the Eleventh Circuit has held, as a matter of law, that tax assessments are non-contingent liabilities. *Verdunn,* 89 F.3d 799, 802. Because the debtors chose not to file a petition challenging the deficiency the IRS proposed for 1996, the deficiency was assessed. As such, it is a liquidated debt that exceeds the limit imposed by Section 109(e).[3]

### III.    Conclusion

The debtors' tax liabilities are indeed assessed, certain, and liquidated. As such, they must be included in the calculation of the debt limit for a Chapter 13 petition. The debtors' unsecured general debt exceeds the limits imposed by Section 109(e), and therefore, the petition must be, and is, dismissed. Accordingly it is

ORDERED AND ADJUDGED that the United States' Motion to Dismiss Chapter 13 Case Due to Debtors' Failure to Meet Eligibility Requirements of 11 U.S.C. § 109(e) (DE 61) is GRANTED, and this case is DISMISSSED. All pending motions are denied as moot.

###

---

[3] The Court also notes that, as the parties were advised at the September 27 hearing on the United States' motion to advance the hearing date on its motion to dismiss, the debtors' argument that the IRS's failure to mail them a copy of the proof of claim contemporaneously with the timely filing of the proof of claim with this Court, does not serve as a basis to invalidate the proof of claim. *See* DE 112; Local Rule 3002-1(E). There has been no prejudice to the debtors in pursing their objection to the proof of claim, as the debtors received the proof of claim no later than March 2, 2012, the date they filed an objection to the proof of claim (DE 87), and possibly as early as January 18, 2012, which is the handwritten date on the last page of the debtors' objection, above the signature block.

Submitted by:

Valerie G. Preiss
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: (202) 514-6475
Fax: (202) 514-9868
E-mail: Valerie.G.Preiss@usdoj.gov

Counsel for the United States is directed to serve copies of this order on all interested parties and file a certificate of service.